1       UNITED STATES DISTRICT COURT
2         DISTRICT OF PUERTO RICO

3   IDA G. GARCIA RODRIGUEZ,

4        Plaintiff,
                                            Civil No. 02-1969 (JAF)
5        v.

6   PUERTO RICO TELEPHONE CO.,

7        Defendant.

8   _____ **O R D E R**

9        Plaintiff, Ida G. García Rodríguez, filed the present complaint

10   against Defendant, Puerto Rico Telephone Co. ("PRTC"), alleging age

11   discrimination, gender discrimination, sexual harassment, hostile

12   work environment, and unlawful reprisal in violation of Title VII of

13   the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to

14   20003-17 (2003 & Supp. 2004); the Age Discrimination in Employment

15   Act ("ADEA"), 29 U.S.C. §§ 621-634 (1998 & Supp. 2004); and various

16   state laws. Docket Document Nos. 1, 13. On February 12, 2004, we

17   denied Defendant's September 18, 2002, motion to dismiss. Docket

18   Document No. 20. On September 30, 2004, Defendant filed a motion for

19   summary judgment. Docket Document No. 29. We granted Defendant's

20   motion on November 23, 2004, finding that while Plaintiff did

21   establish a prima-facie case of discriminatory action, Defendant

22   rebutted the claim by forwarding a legitimate, non-discriminatory,

23   and non-pretextual reason for the adverse employment action. Docket

24   Document No. 47. On the basis of our decision, Defendant moves for

Civil No. 02-1969(JAF)                                                    -2-

1    attorney's fees and costs pursuant to Rule 54(d) of the Federal Rules

2    of Civil Procedure and Local Rule 332.   Docket Document No. 49.

3         In the United States, the general rule is that, in the absence

4    of legislation providing otherwise, litigants must pay their own

5    attorney's fees.  Christiansburg Garment Co. v. EEOC, 434 U.S. 412,

6    415 (1978).  Although under selected statutes, Congress has provided

7    for the prevailing party to obtain attorney's fees, Title VII is

8    "more flexible . . . entrusting the effectuation of the statutory

9    policy to the discretion of the district courts." Id., at 416. Under

10   § 706(k) of Title VII, a prevailing plaintiff is ordinarily to be

11   awarded attorney's fees in all but special circumstances. Id., at

12   417.  However, the considerations for a prevailing defendant are

13   different, and justify a more stringent standard.  "[A]ttorney's fees

14   may not be awarded to a prevailing defendant unless there is a

15   'finding that the plaintiff's action was frivolous, unreasonable, or

16   without foundation' or that 'plaintiff continued to litigate after it

17   clearly became so.'" Bercovitch v. Baldwin School, Inc., 191 F.3d 8,

18   10 (1st Cir. 1999)(quoting Christiansburg Garment Co., 434 U.S. at

19   421).  In civil rights cases, "fee-shifting in favor of a prevailing

20   plaintiff is the rule, whereas fee-shifting in favor of a prevailing

21   defendant is the exception." Casa Marie Hogar Geriatrico, Inc. v.

22   Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994).

23        Section 626(b) of the ADEA takes a similarly circumspect

24   approach in awarding a prevailing defendant attorney's fees. See Cote

Civil No. 02-1969(JAF)                                              -3-

1    v. James River Corp., 761 F.2d 60, 61 (1st Cir. 1985)(applying

2    Christiansburg standard in deciding attorney's fees for prevailing

3    defendant in Title VII and ADEA case); Tang v. State of R.I., Dep't

4    of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998)(considering Title

5    VII and 42 U.S.C. § 1988 (1999 & Supp. 2004) fees under the same

6    standard); Freeman v. Package Mach. Co., 865 F.2d 1331, 1347 (1st

7    Cir. 1988)("Insofar as cost-shifting is concerned, laws such as 29

8    U.S.C. § 626(b) and 42 U.S.C. § 1988 seem sisters under the skin.").

9        In determining whether to award a prevailing defendant

10   attorney's fees, a court must "resist the understandable temptation

11   to engage in *post hoc* reasoning by concluding that, because a

12   plaintiff did not ultimately prevail, his action must have been

13   unreasonable or without foundation." Christiansburg Garment Co., 434

14   U.S. at 421-22.

15       The bare facts of this case present no indication that

16   Plaintiff's suit was groundless.  In our summary judgment decision,

17   we found that Plaintiff may have suffered an adverse employment

18   action. Docket Document No. 47.  We found Defendant's rebuttal

19   convincing, and though we ultimately decided that the inference of

20   discrimination had been dispelled, we are unwilling to conclude that

21   our failure to find in Plaintiff's favor renders her claim frivolous.

22       As indicated by our opinion, such a determination warranted

23   considerable discussion and a bona-fide analysis of Plaintiff's

24   proffered evidence; while unlikely, a more artful pleading or

Civil No. 02-1969(JAF)                                           -4-

1   presentation of evidence may have led this court to a different

2   conclusion.  Although Plaintiff's claim was ultimately unsuccessful,

3   it did not fall to the level of frivolousness which would require us

4   to bestow upon her the burden of attorney's fees.

5        Furthermore, even if a plaintiff's suit is groundless when

6   filed, "the district court still retains discretion to deny or reduce

7   fee requests after considering the nuances of a particular case."

8   Tang, 163 F.3d at 15; Adkins v. Briggs & Stratton Corp., 159 F.3d

9   306, 307 (7th Cir. 1998) (holding that a court is not required to

10  award attorney's fees to a defendant, and even though attorney's fees

11  may be appropriated, they are not mandatory); see Bercovitch, 191

12  F.3d at 12.  A district court may "deny or reduce [the] amount [of

13  attorney's fees] after considering the plaintiff's financial

14  condition."  Andrade v. Jamestown Hous.  Auth., 82 F.3d 1179, 1193

15  (1st Cir. 1996); Charves v. W. Union Tel. Co., 711 F.2d 462, 465 (1st

16  Cir. 1983) (noting that an award of attorney's fees to a prevailing

17  defendant ought consider the plaintiff's financial capacity).

18       In light of the standards set forth above, we decline to award

19  attorney's fees to Defendant.  Although this court granted

20  Defendant's motion for summary judgment, Docket Document No. 47,

21  there is no indication that Plaintiff's claim was frivolous or

22  entirely groundless.  Defendant's argument that Plaintiff's case was

23  unreasonable merely because Plaintiff did not establish that

24  Defendant's justification for an adverse employment decision was

Civil No. 02-1969(JAF)                                              -5-

1    pretextual is the type of post-hoc reasoning this court must avoid.

2    Christiansburg Garment Co., 434 U.S. at 421-22.

3         We, therefore, **DENY** Defendant's motion for attorney's fees.

4    Docket Document No. 49.

5         **IT IS SO ORDERED.**

6         San Juan, Puerto Rico, this 13th day of April, 2005.

7                                      S/ José Antonio Fusté
8                                       JOSE ANTONIO FUSTE
9                                      Chief U. S. District Judge